EATON MANUFACTURING COMPANY,
Plaintiff-Appellant,

v.

CHICAGO EXPRESS, INC., Defendant-
Appellee.

No. 12890.

United States Court of Appeals
Seventh Circuit.

June 9, 1960.

Rehearing Denied July 18, 1960.

Willis Crane, Chicago, Ill., for appellant.

Arnold L. Burke, Carl L. Steiner, Chicago, Ill. (Axelrod, Goodman & Steiner, Chicago, Ill., of counsel), for defendant-appellee, Chicago Express, Inc.

Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.

DUFFY, Circuit Judge.

Eaton Manufacturing Company (Eaton) seeks in this suit, to recover alleged overcharges assessed by Chicago Express, Inc. for the transportation of automobile heater parts. Defendant is a common carrier by motor vehicle. The shipments in question were from the State of New York, consigned to plaintiff at Cleveland, Ohio, and moved during the period from May 25, 1948 to April 29, 1950.

In November, 1952, various shippers, including Eaton, filed a complaint with the Interstate Commerce Commission seeking an administrative determination of the lawfulness of certain rates then being assessed by a number of carriers, including defendant. On October 21, 1955, the Interstate Commerce Commission ruled the rates being then assessed for transporting automobile heater parts were inapplicable, and determined the correct rate to be charged.

While the matter was pending before the Interstate Commerce Commission, Eaton sued Chicago Express, Inc. in the Municipal Court of Chicago based upon the alleged overcharges. This case was removed by defendant to the United States District Court for the Northern District of Illinois, Eastern Division, and was designated 53 C 1138. On February 1, 1957, the case was dismissed for want of prosecution.

On July 1, 1957, Eaton refiled its lawsuit in the Municipal Court of Chicago.

Defendant removed the suit to the United States District Court. This case was designated 57 C 1240. On October 26, 1959, the United States District Court granted defendant's motion to dismiss on the grounds that the suit was barred by the Statute of Limitations of the State of New York, Civil Practice Act, § 48.

Plaintiff admits that the instant suit was commenced more than six years after the cause of action arose. However, plaintiff insists that since its first suit was filed before the expiration of six years, and since the second suit was filed less than one year after the first suit was dismissed, the second suit is not barred because of the operation of Section 2305.19 of the Ohio Revised Code.[1]

On this appeal, plaintiff contends this is not a breach of contract case. It argues it involves a tort and contends the law of Ohio governs because it was in Ohio where plaintiff accepted the shipments and was there damaged by excessive charges.

This argument would appear to be a switch for on the occasion when plaintiff filed its original complaint, and the three occasions when it filed its complaint and amended complaints in the second suit, each of the four complaints contained the following allegation: "During the period since June 10, 1948 *plaintiff has caused to be shipped* via the line of the defendant various shipments of automobile heater parts described as cores from Maspeth, Long Island, New York, to Cleveland, Ohio. (Emphasis supplied)" Thus, at the time the original complaint was filed in 1953, and in 1957 when the complaint in the instant suit was filed, and in February, 1958 and September, 1958, when the amended complaints were filed, plaintiff was then claiming that it had caused the shipments to be made from New York to Ohio.

It is apparent the first contact between consignee and carrier occurred in New York where the shipment originated. Plaintiff became liable to Chicago Express, Inc. for the transportation charges by contract and by statute. It is not important whether the liability be designated contractual or a combination statutory and contractual liability. In either event, we think it is clear that the New York Statute of Limitations is applicable.

The judgment of the District Court is Affirmed.

1. Ohio Revised Code, § 2305.19, provides: "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, * * * may commence a new action within one year after such date. * * *"